CHARLES S. MORTON, appellant *v.* JOHN GATELEY, appellee.

*Appeal from Coles.*

The refusal of the Circuit Court to instruct the jury that there was no evidence of a fact which the testimony tended to prove, cannot be assigned for error.

It may be doubted whether an agreement between two or more individuals, to do a particular piece of labor for which each is to receive his aliquot part of the compensation for the work, constitutes them partners.

THIS cause was heard in the Coles Circuit Court, at the April term, 1835, before the Hon. Justin Harlan and a jury, and a judgment rendered against Morton for $47,50 and costs of suit, from which he appealed to this Court.

J. PEARSON, for the appellant.

O. B. FICKLIN, for the appellee.

SMITH, Justice, delivered the opinion of the Court:

This was an action originally instituted before a justice of the peace, and taken by appeal to the Circuit Court of Coles county. The plaintiff's claim, before the Circuit Court, consisted of various items contained in his account, and the defendant presented an account of various items of set-off; and among others, one for money had and received by the plaintiff, for work and labor rendered jointly by the defendant and plaintiff and a third person, in the construction of a building, the one third part of the compensation for such labor being due and payable to the defendant; but which the plaintiff had received of the person from whom it was payable, without the authority or consent of the defendant, as appears from the evidence in the bill of exceptions. This evidence was objected to by the plaintiff, and the counsel for the plaintiff asked the Court to instruct the jury, that there was no evidence before it, to support the charge. This the Circuit Court refused to do, but left it to the jury to determine, whether these parties were in partnership; and if they were, whether there had been an adjustment of their partnership accounts, and a promise on the part of Morton to pay Gately, the defendant, the amount received by him.

The refusal of the Court to give the instructions asked, and the giving the instructions as stated, are now assigned for error.

On both points the Circuit Court was correct. It could not properly instruct the jury that there was no evidence to support the charge for money had and received, in direct opposition to the testimony itself. We imagine the instructions prayed for were based on a supposed partnership, existing between the plaintiff, defendant, and the third person, to do the labor jointly; but the evidence showed that each party had received his separate share, except the defendant, whose share had been set apart, and had been obtained on a promise to indemnify the debtor, if the payment was not ratified by the defendant. But it may be doubted whether an agreement between two or more individuals, to do a particular piece of labor, for which each is to receive his aliquot part of the compensation for the work, can constitute them partners. The instructions given by the Circuit Court, went farther than the case required, and were distinctly favorable to the plaintiff, under the view taken by the Court, because it was left to the jury to determine from the evidence, whether there was a partnership proven, and whether or not there had been an adjustment of their partnership transactions; and a promise by the plaintiff to pay the defendant. In every aspect in which this case can be viewed, it cannot be perceived that there was any error in the refusal to give the instructions asked, nor in those which were given.

The judgment of the Circuit Court is affirmed with costs.
*Judgment affirmed.*